## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS N. GAER, Individually And On Behalf All Others Similarly Situated, <br><br> Plaintiff <br><br> v. <br><br> EDUCATION MANAGEMENT CORP., TODD S. NELSON, EDWARD H. WEST, JOHN R. MCKERNAN, JR., PAUL J. SALEM, ADRIAN M. JONES, JEFFREY T. LEEDS, PETER O. WILDE, LEO F. MULLIN, GOLDMAN, SACHS & CO., J.P. MORGAN SECURITIES, INC., MERRIL LYNCH, PIERCE, FENNER & SMITH INC., BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES LLC., and MORGAN STANLEY & CO. INC., <br><br> Defendants. | CIVIL ACTION NO. 2:10-cv-01061-RCM |

**MEMORANDUM OF LAW IN SUPPORT OF OKLAHOMA POLICE PENSION & RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

**I.    PRELIMINARY STATEMENT**

Oklahoma Police Pension & Retirement System ("Oklahoma Police") respectfully submits this memorandum in support of its motion pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act") and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B), respectively, for an Order appointing Oklahoma Police as Lead Plaintiff for a class of purchasers of the common stock of Education Management Corp. ("Education Management" or the "Company") between October 2,

2009 and August 16, 2010 (the "Class") and approving its selection of Berman DeValerio as Lead Counsel for the Class and Chimicles & Tikellis LLP as Liaison Counsel for the Class.

The underlying case arises from violations of the federal securities laws by Education Management and certain of its officers and directors. Specifically, the complaint alleges that Education Management issued a materially false and misleading registration statement and proxy-prospectus in connection with the October 2, 2009 Initial Public Offering.[1] The complaint also alleges that, between October 2, 2009 and August 3, 2010,[2] the defendants published a series of materially false and misleading statements that defendants knew or recklessly disregarded were materially false and misleading at the time of such publication, and that omitted to reveal material information necessary to make defendants' statements, in light of such material omissions, not materially false and misleading.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-

---

[1]     The Prospectus is dated October 1, 2009 but was filed and accepted by the SEC on October 2, 2009.

[2]     A securities class action has also been filed in the District of Massachusetts against the same defendants, making similar allegations but with a slightly different class period of October 2, 2009 to August 16, 2010 (the "Class Period"). The action is entitled *Parikh v. Education Management Corp., et al.,* No. 1:10-cv-11723-NMG (the "Massachusetts Action"). Oklahoma Police is simultaneously filing a motion seeking to be appointed Lead Plaintiff and have its counsel appointed Lead Counsel in the Massachusetts Action.
      The currently filed complaints allege Class Periods of differing lengths. The Court-appointed Lead Plaintiff will ultimately determine the operative Class Period to allege in this litigation, subject to certification by the Court. However, the loss stated above corresponds to the class period asserted in the Massachusetts action, which is the longest Class Period alleged in any of the related Education Management securities class actions – October 2, 2009 to August 16, 2010.

1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Clair v. DeLuca*, 232 F.R.D. 219, 225 (W.D. Pa. 2005).

Oklahoma Police respectfully submits that it is the "most adequate plaintiff" to represent the Class of investors in Education Management securities by virtue of the large loss it suffered from its investments in Education Management as a result of the defendants' misconduct. Specifically, Oklahoma Police incurred a loss of approximately $426,218.00[3] – based on either the first-in, first-out ("FIFO") method or on the last-in, first-out ("LIFO") method – from its trading in Education Management shares during the Class Period.  Accordingly, Oklahoma Police has a large financial interest in this litigation – an interest presently believed to be greater than that of any competing movant.

Further, Oklahoma Police satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of the other members of the proposed Class, and it will fairly and adequately represent the Class.  Oklahoma Police has selected and retained Berman DeValerio, a law firm with substantial experience in prosecuting securities fraud class actions, to serve as Lead Counsel for the Class.  Oklahoma Police has also selected Chimicles & Tikellis LLP, which also has substantial experience including trial experience in prosecuting securities fraud class actions, to serve as Liaison Counsel for the Class.  Accordingly, Oklahoma Police would serve as an exemplary Lead Plaintiff and should be appointed.

## II. STATEMENT OF FACTS

The complaint alleges that, despite extensive positive statements by defendants in press releases and SEC filings during the Class Period regarding Education Management's operational performance and future growth projections, these statements were false because: (1) defendants

---

[3] Oklahoma Police's losses for the class period October 2, 2009 through August 3, 2010 are $384,438.00 based on either the LIFO or FIFO method.

had propped up the Company's financial results by fraudulently inducing students to enroll in Education Management's scholastic and educational programs and engaged in other manipulative recruiting tactics; (2) defendants had materially overstated the Company's growth prospects by failing to properly disclose that defendants had engaged in illicit and improper recruiting activities, which also had the effect of artificially inflating the Company's reported results and future growth prospects; and (3) Education Management did not maintain adequate systems of internal operational or financial controls, which would have permitted the Company's reported operational statements and foreseeable growth prospects to be true, accurate or reliable.

It was in early August 2010 that investors finally began to learn the truth about Education Management after the United States General Accounting Office ("GAO") issued a report that concluded that for-profit educational institutions like Education Management had engaged in an illegal and fraudulent course of action designed to recruit students and over-charge the federal government for the cost of such education. Following these disclosures, shares of the Company collapsed as this news reached the market.

Defendants' publication of materially false and misleading statements at the beginning of the Class Period allowed Education Management to sell at least $414 million of common stock to the public in the October 2009 IPO and, thereafter, during the remainder of the Class Period, additional false and misleading statements had the intended effect of causing Education Management's shares to trade at artificially inflated levels. As a result, during the Class Period, shares of Education Management traded at a high of almost $17 per share in late October 2009. In early August 2010, after the GAO announced its investigation into the fraudulent and manipulative recruiting practices of for-profit schools, the Company's stock price declined as a direct result of

the revelation to the market of the nature and extent of defendants' fraud and illegal course of conduct.

This action, *Gaer v. Education Management Corp. et al.,* Civil Action No. 2:10-cv-01061-RCM (W.D. Pa.), was the first action filed, on August 11, 2010.  The next day, a PSLRA-compliant notice was published informing investors of the filing of the action and the 60-day deadline for filing a motion to seek lead plaintiff status, a copy of which is attached at <u>Ex. A</u> to the Declaration of Leslie R. Stern. Esq. (the "Stern Decl."), submitted herewith.  Under the PSLRA, an investor wishing to serve as lead plaintiff must file a motion within 60 days of the publication of this notice. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II); 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Oklahoma Police has satisfied this requirement with the filing of this motion.

### III.   ARGUMENT

#### A.   Oklahoma Police Should Be Appointed Lead Plaintiff

The PSLRA sets forth a three-step procedure for the appointment of a lead plaintiff in class actions brought under the Securities Act and the Exchange Act.  15 U.S.C. § 77z-1(a)(3); 15 U.S.C. § 78u-4(a)(3)(A)-(B); *EZRA Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 440 (W.D. Pa. 2001).  First, within twenty days of filing a class action, the filing plaintiff must publish a notice advising members of the purported class of the pendency of the action, the claims asserted, the purported class period, and their right to move the court for appointment as lead plaintiff of the purported class.  15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, upon considering all motions for appointment as lead plaintiff filed in response to the notice, the court appoints "the presumptively most adequate plaintiff" to serve as lead plaintiff.  The "presumptively most adequate plaintiff" is the person that: (1) has either filed the complaint or made a motion to serve as lead plaintiff within 60 days after publication of the required notice; (2)

has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Third, the court must then give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements.  *EZRA Charitable Trust*, 136 F. Supp. 2d at 440.  Only proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class" can rebut the presumption in favor of appointing the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *EZRA Charitable Trust*, 136 F. Supp. 2d at 440.

### 1. Oklahoma Police Has Satisfied the Procedural Requirements of the PSLRA

The plaintiff in the first-filed action caused notice to be published through *Marketwire, Inc.* on August 12, 2010, the day after the initial complaint was filed.  *See* Stern Decl., Exhibit A.  This notice, in accordance with the PSLRA, announced that a securities class action complaint had been filed against the defendants and advised Education Management investors that applications for lead plaintiff must be made no later than 60 days from the date on which the notice was published.  Oklahoma Police has satisfied the procedural requirements of the PSLRA by filing the instant motion seeking lead plaintiff status within the 60-day deadline; i.e. by October 12, 2010, and by filing a certification under the PSLRA.  *See* Stern Decl., Ex. B.

### 2. Oklahoma Police Has The Largest Financial Interest

The Third Circuit has concluded that "largest financial interest" means the largest loss.  *In re Cendant Corp. Litig.,* 264 F.3d 201, 223 (3d Cir. 2001); *see also In re Able Laboratories Sec.*

*Litig.,* 425 F. Supp. 2d 562, 567 (D.N.J. 2006).   During the Class Period, Oklahoma Police incurred a loss of approximately $426,218.00 based on both the first-in, first-out ("FIFO") methodology and the last-in, first-out ("LIFO") methodology from its trading in Education Management shares during the Class Period.[4]  Oklahoma Police is aware of no other plaintiff or movant with greater losses.

### 3. Oklahoma Police Satisfies the Requirements Of Rule 23

The PSLRA also requires that the lead plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) requires that: (1) the class be so numerous that joinder of all members is impracticable; (2) questions of law or fact common to the class exist; (3) such claims are typical of those of the class; and (4) the representatives will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).  "In evaluating the suitability of a proposed lead plaintiff, 'the court's initial inquiry should be confined to determining whether [the] movants have stated a *prima facie* case of typicality and adequacy,' as required by Rule 23." *Clair*, 232 F.R.D. at 225, *citing In re Cendant Corp. Litig.,* 264 F.3d at 264.

#### i. Oklahoma Police's Claims Are Typical of the Claims of the Class

Oklahoma Police's claims are typical of the claims of other Class members.  Typicality exists where plaintiffs' claims arise from the same series of events and are based on the same legal

---

[4] A copy of the PSLRA-required Certification submitted by Oklahoma Police is attached at Ex. B to the Stern Decl.  This Certification sets forth the transactions of Oklahoma Police in Education Management securities during the relevant period.  In addition, charts reflecting calculations of Oklahoma Police's financial losses on Education Management securities are attached at Ex. C to the Stern Decl.

theories as the claims of all class members. *Clair*, 232 F.R.D. at 225-26; *see also Georgine v. Amchem Prods. Inc.*, 83 F.3d 610, 630-31 (3d Cir. 1996) (typicality inquiry analyzes whether plaintiffs' interest align with those of absent class members so that the absentees' interests will be fairly represented).

Here, Oklahoma Police, like other Class members, seeks to hold defendants liable for the consequences of their violations of federal securities laws. In addition, Oklahoma Police purchased shares in the Company during the Class Period at prices artificially inflated by the false statements and omissions of the defendants and suffered damages as a result. Oklahoma Police's claims, therefore, arise from the same events and are based on the same legal theories as the Class' claims. Thus, Oklahoma Police fully satisfies the typicality requirement of Rule 23.

### ii. Oklahoma Police Will Fairly And Adequately Represent The Interests Of The Class

A putative lead plaintiff satisfies the adequacy requirement prong if he or she "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). "For purposes of the lead plaintiff determination, adequacy 'is contingent upon both the existence of common interests among the proposed lead plaintiffs and the class, and a willingness on the part of the proposed lead plaintiff to vigorously prosecute the action.'" *Clair*, 232 F.R.D. at 226 (citing *In re Lucent Technologies, Inc., Sec. Litig.*, 194 F.R.D. 137, 151 (D.N.J. 2000)). Oklahoma Police fully meets the adequacy of representation requirement. First, no potential conflict exists between Oklahoma Police and the other class members. Rather, Oklahoma Police purchased shares in Education Management during the Class Period and suffered losses from defendants' untrue, false and/or misleading statements. As such, its interests and those of their counsel are aligned with, and not adverse to, those of the Class. Second, Oklahoma Police has shown its willingness to vigorously prosecute this action by retaining some of the most qualified and experienced securities class

action attorneys in the country to represent the Class.  *See* Stern Decl., <u>Exs. D and E</u>.  For these reasons, Oklahoma Police is a more than adequate class representative.

Moreover, Oklahoma Police is the paradigmatic lead plaintiff envisioned by Congress – a sophisticated institutional investor with a real financial interest in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at 11, 104th Cong. 1st Sess. (Nov. 28, 1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690  ("The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts. . . [and] believes that an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company and its public investors.").   Oklahoma Police is exactly the type of institutional investor envisioned as lead plaintiff by the PSLRA.  As an institutional investor, Oklahoma Police fully understands the role of fiduciaries and possesses the financial sophistication, experience and resources to ensure that lead counsel will litigate in the best interests of the Class.  Oklahoma Police fully understands the complexities of securities litigation and class actions, and its strength and position as an institutional investor will help it command the best possible recovery from defendants.

**B.     This Court Should Approve Oklahoma Police's Choice of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to this Court's approval.  15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v).  "[T]he Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention. … [T]he court's inquiry is appropriately limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms."  *In re Cendant Corp. Litig.,* 264 F.3d at 276.  Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is

"necessary to protect the interests of the plaintiff class." *See* Statement of Managers -- The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700, H. R. Conf. Rpt. No. 104-369, at 35, 104th Cong. 1st Sess. (Nov. 28, 1995).

Oklahoma Police has selected Berman DeValerio – a law firm which is highly experienced in prosecuting securities class actions – to serve as Lead Counsel for the class. Berman DeValerio is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Further, counsel has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. *See* Stern Decl., Ex. D. Similarly, the selection by Oklahoma Police of Chimicles & Tikellis LLP to serve as Liaison Counsel should also be approved. Chimicles & Tikellis also has substantial experience prosecuting securities fraud class actions and obtaining significant recoveries. *See* Stern Decl., Ex. E. The Court can be assured that by approving Oklahoma Police's choice of counsel, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the above reasons, Oklahoma Police respectfully requests that the Court appoint Oklahoma Police as Lead Plaintiff and approve Oklahoma Police's choice of Lead and Liaison Counsel.

| | |
|---|---|
| DATED: October 12, 2010 | Respectfully submitted,<br><br>**Chimicles & Tikellis LLP**<br><br>/s/ Steven A. Schwartz<br>Steven A. Schwartz<br>PA I.D. No. 50579<br>One Haverford Centre<br>Haverford, PA 19041<br>(610) 642-8500 (extension 319)<br>(610) 645-4720 (direct dial)<br>(610) 649-3633 (telecopy)<br>steveschwartz@chimicles.com<br><br>*Liaison Counsel*<br><br>**BERMAN DEVALERIO**<br>Jeffrey C. Block<br>Leslie R. Stern<br>Daryl DeValerio Andrews<br>One Liberty Square<br>Boston, MA 02109<br>Phone: (617) 542-8300<br>Fax: (617) 542-1194<br>LStern@bermandevalerio.com<br><br>*Counsel for Oklahoma Police Pension & Retirement System and Proposed Lead Counsel for the Class* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Thomas E. Birsic**, klgatesservice@klgates.com

**David Brownlee**, david.brownlee@klgates.com

**Andrew R. Stanton**, andrew.stanton@klgates.com

**Alfred G. Yates, Jr.**, yateslaw@aol.com


Dated: October 12, 2010                   /s/ Steven A. Schwartz
                                          Steven A. Schwartz