# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS N. GAER, Individually And On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>EDUCATION MANAGEMENT CORP.,  TODD S. NELSON, EDWARD H. WEST, JOHN R. MCKERNAN, JR., PAUL J. SALEM, ADRIAN M. JONES, JEFFREY T. LEEDS, PETER O. WILDE, LEO F. MULLIN, GOLDMAN, SACHS & CO., J.P. MORGAN SECURITIES INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INC, BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES LLC, and MORGAN STANLEY & CO. INC.<br><br>                    Defendants. | **CIV. NO. 2:10-cv-01061-RCM**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>*Electronically Filed* |

## MEMORANDUM IN SUPPORT TO THE ALLEN GROUP'S MOTION TO CONSOLIDATE FUTURE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE THE ALLEN GROUP'S CHOICE OF COUNSEL

Lead Plaintiff Movants Jon Allen, Douglas Gaer, Cecilia Schwartz, Lynne Goldstein, and Petroleum Strategic Consulting (collectively, the "Allen Group" or "Movants") hereby move for an order: (1) consolidating all future related actions filed against Education Management Corp. ("EDMC" or the "Company") and other defendants concerning the subject matters of this action pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Allen Group as lead plaintiff in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PLSRA"); and (3) approving Movant's selection of Kahn Swick & Foti, LLC ("KSF") and Gilman and Pastor, LLP ("Gilman and Pastor") as Co-Lead Counsel and the Law Office of Alfred G. Yates, Jr., P.C. ("Yates Firm") as Liaison Counsel.

## PRELIMINARY STATEMENT

This is a federal class action on behalf of purchasers of the common stock of Education Management Corp. ("Education Management " or the "Company") between October 2, 2009 and August 3, 2010, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"), and those who purchased shares in connection with the Company's October 2, 2009 Initial Public Offering ("IPO"), seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

The first lawsuit filed against defendants – which was investigated and filed by proposed Lead Counsel KSF on behalf of named plaintiff and Lead Plaintiff movant Douglas Gaer -- is pending in this district and styled *Gaer v. Education Management Corp., et al.*, No. 2:10-cv-01061-RCM.  On August 12, 2010, the first notice that a class action had been initiated against defendants was published on *Marketwire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff no later than 60 days after the issuance of the notice.  *See* Yates Decl. at Exhibit B.  The Allen Group – comprised of EDMC stock investors Jon Allen, Douglas Gaer, Cecilia Schwartz, Lynne Goldstein, and Petroleum Strategic Consulting – has timely filed this motion and seeks appointment as lead plaintiff.

As described in the Certifications and loss chart attached to the Declaration of Alfred G. Yates ("Yates Decl.") at Exhibit A, the Allen Group has suffered losses of $17,313.47 due to its members' purchases of shares of EDMC common stock pursuant or traceable to the IPO or during the proposed Class Period.  To the best of its knowledge, the Allen Group has sustained the largest loss of any investor seeking to be appointed as lead plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, the Allen Group's Certifications also demonstrate each individual members' intent to serve as lead plaintiff in this litigation, including their cognizance of the duties of serving in that role.  The Allen Group fully understands the duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action, and to oversee counsel.   As a result, the Allen Group satisfies both the applicable requirements of the PSLRA, as well as Rule 23 of the Federal Rules of Civil Procedure.  The Allen Group is thus to be accorded the presumption as the "most adequate plaintiff."

## STATEMENT OF FACTS

As alleged in the *Gaer* complaint, EDMC is a Pennsylvania corporation that purports to operate as a for-profit secondary education provider, offering campus-based and online instruction that enables students to earn undergraduate and graduate degrees, including doctoral degrees and certain specialized non-degree diplomas in various disciplines.  ¶10.  The Company offers education through the Art Institutes, Argosy University, the Brown Mackie Colleges, and South University.  *Id.*  The Art Institutes offer associate's, bachelor's, and master's degree programs, as well as selective non-degree diploma programs in creative professions, such as graphic design, interior design, Web design, and interactive.  *Id.*

At the time of the IPO and thereafter throughout the Class Period, defendants issued a series of materially false and misleading statements -- including in the Registration Statement and Proxy Prospectus issued in connection with the IPO -- regarding the growth and foreseeable profitability of Education Management.  ¶2.  In fact, as alleged in the *Gaer* complaint, at the time of the Company's IPO and thereafter throughout the Class Period, defendants represented to shareholders, in part, "favorable financial characteristics" of EDMC's business model,

"consistent historical enrollment growth," "high visibility into operational performance," "opportunity for future profit margin expansion and strong operating cash flow generation," and "strong operating cash flow generation."  *Id.*

The positive statements regarding the Company's operational performance and future growth projections made by defendants and contained in the Company's press releases and SEC filings, however, were each materially false and misleading when made, and were known by defendants to be false or were recklessly disregarded as such thereby.  ¶3.  As alleged in the *Gaer* complaint, for example, it was not true that the Company's purported success was the result of defendants' competent management; indeed, during the Class Period, defendants had propped up the Company's results by fraudulently inducing students to enroll in EDMC's scholastic and educational programs and engaged in other manipulative recruiting tactics.  ¶3. Furthermore, unbeknownst to investors, defendants had materially overstated the Company's growth prospects by failing to properly disclose that defendants had engaged in illicit and improper recruiting activities.  *Id.*

It was only on August 3, 2010 that investors finally began to learn the truth about EDMC, after the United States General Accounting Office ("GAO") issued a report that concluded that for-profit educational institutions like EDMC had engaged in an illegal and fraudulent course of action designed to recruit students and over-charge the federal government for the cost of such education.  ¶4.  The GAO report concluded that: (a) certain for-profit schools used deceptive recruiting practices; (b) certain for-profit schools substantially inflated their tuition costs; and (c) certain for-profit schools engaged in other "troubling" practices.  ¶61.  The following day, August 4, 2010, Senator Durbin, Assistant Majority Leader, posted in part the following on his official website: "Concerned about reports of some for-profit colleges aggressively targeting

military personnel and veterans, U.S. Senators Dick Durbin (D-IL) and Jim Webb (D-VA) today asked the Secretaries of the Department of Veterans Affairs, Eric Shinseki, and the Department of Defense, Robert Gates, for detailed information on how veteran and military tuition assistance program funding is being spent." ¶63.   Following these disclosures, shares of the Company collapsed -- falling almost 18% in several trading days as this news reached the market.  ¶64.

## ARGUMENT

## I.  FUTURE RELATED ACTIONS SHOULD BE CONSOLIDATED

"It is proper to consider a motion for consolidation before considering motions for lead plaintiff."  *In re Sterling Financial Corp. Secs. Class Action*, No. 07-md-1879, 2007 WL 4570729 (E.D. Pa. Dec. 21, 2007); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(ii).   Indeed, consolidation pursuant to Fed. R. Civ. P. 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact.[1]  *See Dutton v. Harris Stratex Networks, Inc.*, Nos. 08-755 and 08-815, 2009 WL 1598408 (D. Del. June 5, 2009); *Blake Partners, Inc. v. Orbcomm, Inc.*, Nos. 07-4517 and 07-4590, 2008 WL 2277117, at *3 (D.N.J. June 2, 2008). Courts have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Fed. R. Civ. P. 42(a) because their unification expedites pretrial proceedings, reduces case duplication, and minimizes the expenditure of time and money by all persons concerned.  "In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced.  *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).   Consolidating shareholder class

---

[1]     Fed. R. Civ. P. 42(a) provides: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay."

actions streamlines and simplifies pre-trial and discovery proceedings, motions practice, refinement of class action issues, consolidates clerical and administrative duties, preserves judicial resources, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. *Sterling,* 2007 WL 4570729, at *2 (noting as well that consolidation would "facilitate the administration of justice and promote judicial economy without any foreseeable prejudice."). Accordingly, consolidation of any pending and future filed cases with the instant action is warranted here.[2]

## II.  THE ALLEN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.      The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3); 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action (here, Allen Group member, Douglas Gaer, through proposed lead counsel, KSF) published a notice on *Marketwire* on August 12, 2010 (*See* Yates Decl. Exhibit B).[3] This notice announced that applications for appointment as lead

---

[2]        Movant is aware of another lawsuit, *Parikh v. Education Management Corp., et al.*, No. 1:10-cv-11723-NMG, filed on October 8, 2010, in the District of Massachusetts. Movant understands that case will be dismissed.

[3]        *Marketwire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *Mohanty v. BigBand Networks, Inc.*, No. 07-5101, 2008 WL 426250, at *2 (N.D. Cal. Feb. 14, 2008); *In re HiEnergy Tech., Inc. Secs. Litig.*, No. 04-1226, 2006 WL 2780058, at *5 (C.D. Cal. Sept. 26, 2006) (accepting publication through *Marketwire* as sufficient for notice under the PSLRA).

plaintiff had to be made within 60 days from that date.  As the PSLRA notes, after publication of

the required notice, any member or members of the proposed Class may apply to the Court to be

appointed as lead plaintiff, whether or not they have previously filed a complaint in this action.

15 U.S.C. § 77z-1(a)(3)(A) and (B); 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of

pendency of the action, the Court shall appoint as lead plaintiff the movant or movants that the

Court determines to be most capable of adequately representing the interests of Class Members.

15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i).  This involves a two-step process.

"First, [the Court should] identify a presumptive lead plaintiff, and second, [] determine whether

the presumption has been rebutted."  *City of Roseville Employees' Retirement System v. Horizon

Lines Inc.,* No. 08-969, 2009 WL 1811067, at *1 (D. Del. June 18, 2009).  As indicated by the

PSLRA:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any
> private action arising under this title is the person or group of persons that—
>
> (aa)  has either filed the complaint or made a motion in response to a
>        notice…
> (bb)  in the determination of the court, has the largest financial interest in
>        the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules
>        of Civil Procedure [pertaining to class actions].

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B.     The Allen Group is "The Most Adequate Plaintiff"

#### 1.     The Allen Group Has Complied With The PLSRA And Should Be Appointed Lead Plaintiff

The Allen Group has met the requirement of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) and 15

U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing a motion on October 12, 2010.  Moreover, the

Allen Group has sustained a substantial loss from its investment in EDMC stock and has shown a

willingness to represent the Class.  Each individual member of the Allen Group has signed a Certification detailing their transaction information during the Class Period.  *See* Yates Decl. (Exhibit A).  As demonstrated by the Certifications, the members of the Allen Group are prepared to consult with counsel on a regular basis, prior to every major litigation event, and to direct the course of litigation, with the benefit of counsel's advice.

In addition, the Allen Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class.  The firm biographies of proposed Co-Lead Counsel (KSF and Gilman and Pastor) and proposed liaison counsel (the Yates Firm) are attached respectively as Exhibits C, D, and E to the Yates Decl.

### 2.  The Allen Group Has The Largest Financial Interest

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action.  As demonstrated herein, movant (with losses of $17,313.47) has the largest known financial interest in the relief sought by the Class.  *See* Yates Decl. Exhibit A.

### 3.  The Allen Group Satisfies The Requirements Of Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23 (*i.e.*, numerosity, commonality, typicality, and adequacy), only two – typicality and adequacy – are recognized by the Third Circuit as appropriate for consideration at this stage.  *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001).  The Third Circuit further emphasizes that only a *prima facie* showing is required by Movant.  *Id.*  As detailed below, the Allen Group satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying its appointment as lead plaintiff.

### i. The Allen Group's Claims Are Typical Of The Claims Of All The Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory.  Put differently, are the circumstances of the movant or movants with the largest losses "markedly different or the legal theory upon which the claims [] are based differ [] from that upon which the claims of other class members will perforce be based."?  *Cendant,* 264 F.3d at 265 (citing *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir.1988)).

In this case, the typicality requirement is met because the Allen Group's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. The Allen Group members purchased EDMC securities pursuant or traceable to the IPO or during the Class Period when the stock prices were artificially inflated as a result of the fraudulent misrepresentations and omissions.  Thus, both the Allen Group and the Class Members suffered damages as a result of these purchases. They all: (1) purchased EDMC securities pursuant or traceable to the IPO or during the Class Period; (2) purchased EDMC securities at artificially-inflated prices as a result of the material misrepresentations and omissions; and, (3) suffered damages thereby.  *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 WL 269473, at *2 (E.D. Pa. Jan. 30, 2008) ("Iron Workers and Ann Arbor satisfy the typicality requirement, because, like the other class members, they: 1) purchased Radian securities during the Class Period; 2) at prices that were allegedly artificially inflated by the defendants' materially false and misleading statements; and 3) suffered damages as a result.").

Although a movant or movants may be considered atypical if "subject to a unique defense

that is likely to become a major focus of the litigation," *Beck v. Maximus, Inc.,* 457 F.3d 291, 301 (3d Cir.2006), the Allen Group is not subject to any unique or special defenses.  The Allen Group thus satisfies the typicality requirement of Fed. R. Civ. P. Rule 23.

### ii.  The Allen Group Will Adequately Represent The Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests.   15 U.S.C. § 78u-4(a)(3)(B); *Cendant*, 264 F.3d at 265 ("courts should consider whether a movant or movants "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.") (citation omitted); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 148 F.3d 283, 312 (3d Cir.1998) (looking to whether class counsel is qualified and there is an absence of conflicts between the representative and the class).

The Allen Group's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class.  There is no evidence of antagonism between its interests and those of the proposed Class Members.  Furthermore, the Allen Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the large financial loss it has incurred as a result of the wrongful conduct alleged herein.  This motivation, combined with the Allen Group's symbiotic interest with the members of the Class, clearly shows that the Allen Group will adequately and vigorously pursue the interests of the

Class.   In addition, the Allen Group has selected a law firm that is highly experienced in successfully prosecuting securities class actions and other complex, federal litigation.

Therefore, because the Allen Group not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23, but also has sustained the largest amount of losses, the Allen Group is presumptively the most adequate plaintiff to lead this action.

## III.   THE COURT SHOULD APPROVE THE ALLEN GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.   15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 273-276 (3d Cir. 2001); *see also Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*, 586 F.3d 703, 710 (9th Cir. 2009) ("the lead plaintiff, not the district court, selects lead counsel"); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).   "Unless a lead plaintiff's selection of counsel would fail to protect the interest of the class, a court should not interfere with the selection process."  *In re Herley Ind., Inc.*, No. 06-2596, 2010 WL 176869, at *5 (E.D. Pa. Jan. 15, 2010).

The Allen Group has selected KSF and Gilman and Pastor to serve as Co-Lead Counsel and the Yates Firm to serve as liaison counsel for the Class.   These firms have not only successfully prosecuted complex securities fraud actions, but they have also successfully prosecuted many other types of complex class actions.  *See* Yates Decl. Exhibits C, D, and E. Furthermore, these firms have continually invested time and resources in carefully investigating and prosecuting this case.  The Court may be assured that the proposed lead and liaison counsel will provide the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, the Allen Group respectfully requests that the Court: (1)

consolidate all currently and any future filed related cases; (2) appoint the Allen Group to serve as lead plaintiff in this action; (3) approve the Allen Group's selection of KSF and Gilman and Pastor as Co-Lead Counsel and the Yates Firm as liaison counsel for the Class; and, (4) grant such other and further relief as the Court may deem just and proper.

Dated: October 12, 2010                    LAW OFFICE OF ALFRED G. YATES JR., PC

                                  By:    /s/ Alfred G. Yates, Jr.
                                         Alfred G. Yates, Jr.
                                         Gerald L. Rutledge, Esquire
                                         519 Allegheny Building
                                         429 Forbes Avenue
                                         Pittsburgh, PA 15219
                                         Telephone: (412) 391-5164
                                         Facsimile: (412) 471-1033

                                         *Proposed Liaison Counsel for
                                         Lead Plaintiff and the Class*

                                         Kim E. Miller
                                         KAHN SWICK & FOTI, LLC
                                         500 5th Avenue, Suite 1810
                                         New York, NY 10110
                                         Telephone: (212) 696-3730
                                         Facsimile: (504) 455-1498

                                         -and-

                                         Lewis S. Kahn
                                         206 Covington Street
                                         Madisonville, LA 70447
                                         Telephone: (504) 455-1400
                                         Facsimile: (504) 455-1498

                                         *Proposed Lead Counsel for
                                         Lead Plaintiff and the Class*