IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS N. GAER, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>    vs<br><br>EDUCATION MANAGEMENT CORP., et al.,<br>    Defendants. | Civil Action No. 10-1061 |

OPINION AND ORDER

This is a federal class action on behalf of purchasers of the common stock of Education Management Corp. ("EDMC") between October 2, 2009 and August 3, 2010, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"), and those who purchased shares in connection with EDMC's October 2, 2009 Initial Public Offering ("IPO"), seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

Currently pending before the Court is a motion to be appointed lead plaintiff and for approval of lead counsel (ECF No. 14) filed by movant Oklahoma Police Pension & Retirement System ("Oklahoma Police").[1]  For the reasons that follow, the motion will be granted.

According to the allegations of the Complaint filed on August 11, 2010, EDMC is a Pennsylvania corporation that purports to operate as a for-profit secondary education provider, offering campus-based and online instruction that enables students to earn undergraduate and graduate degrees, including doctoral degrees and certain specialized non-degree diplomas in

---

[1] Another motion (ECF No. 17) was filed by movants Jon Allen, Douglas Gaer, Lynne Goldstein, and Petroleum Strategic Consulting (together, "the Allen Group"), but on November 9, 2010, the Allen Group withdrew its motion to be appointed lead plaintiff.

various disciplines. (Compl. ¶ 10.) EDMC offers education through the Art Institutes, Argosy University, the Brown Mackie Colleges, and South University. The Art Institutes offer associate's, bachelor's, and master's degree programs, as well as selective non-degree diploma programs in creative professions, such as graphic design, interior design, Web design, and interactive.

Plaintiffs allege that, at the time of the IPO and thereafter throughout the Class Period, defendants issued a series of materially false and misleading statements — including in the Registration Statement and Proxy Prospectus issued in connection with the IPO — regarding the growth and foreseeable profitability of Education Management. (Compl. ¶ 2.) Moreover, at the time of EDMC's IPO and thereafter throughout the Class Period, defendants represented to shareholders, in part, "favorable financial characteristics" of EDMC's business model, "consistent historical enrollment growth," "high visibility into operational performance," "opportunity for future profit margin expansion and strong operating cash flow generation," and "strong operating cash flow generation." Id.

Plaintiffs allege that the positive statements regarding EDMC's operational performance and future growth projections made by defendants and contained in EDMC's press releases and SEC filings, however, were each materially false and misleading when made, and were known by defendants to be false or were recklessly disregarded as such thereby. (Compl. ¶ 3.) Plaintiffs allege that it was not true that EDMC's purported success was the result of defendants' competent management; indeed, during the Class Period, defendants had propped up EDMC's results by fraudulently inducing students to enroll in EDMC's scholastic and educational programs and engaged in other manipulative recruiting tactics. Id. Furthermore, unbeknownst to

investors, defendants had materially overstated EDMC's growth prospects by failing to properly disclose that defendants had engaged in illicit and improper recruiting activities. Id.

Plaintiffs allege that it was only on August 3, 2010 that investors finally began to learn the truth about EDMC, after the United States General Accounting Office ("GAO") issued a report that concluded that for-profit educational institutions like EDMC had engaged in an illegal and fraudulent course of action designed to recruit students and over-charge the federal government for the cost of such education.  (Compl. ¶ 4.) The GAO report concluded that: (a) certain for-profit schools used deceptive recruiting practices; (b) certain for-profit schools substantially inflated their tuition costs; and (c) certain for-profit schools engaged in other "troubling" practices.  (Compl. ¶ 61.) The following day, August 4, 2010, Senator Durbin, Assistant Majority Leader, posted in part the following on his official website: "Concerned about reports of some for-profit colleges aggressively targeting military personnel and veterans, U.S. Senators Dick Durbin (D-IL) and Jim Webb (D-VA) today asked the Secretaries of the Department of Veterans Affairs, Eric Shinseki, and the Department of Defense, Robert Gates, for detailed information on how veteran and military tuition assistance program funding is being spent."  (Compl. ¶ 63.)  Following these disclosures, shares of EDMC collapsed — falling almost 18% in several trading days as this news reached the market.  (Compl. ¶ 64.)

Procedure for Appointing Lead Plaintiff

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), there is a three-step procedure for the appointment of a lead plaintiff in class actions brought under the Securities Act and the Exchange Act.  15 U.S.C. § 77z-1(a)(3); 15 U.S.C. § 78u-4(a)(3); EZRA Charitable Trust v. Rent-Way, Inc., 136 F. Supp. 2d 435, 440 (W.D. Pa. 2001).  First, within

twenty days of filing a class action, the filing plaintiff must publish a notice advising members of the purported class of the pendency of the action, the claims asserted, the purported class period, and their right to move the court for appointment as lead plaintiff of the purported class.  15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, upon considering all motions for appointment as lead plaintiff filed in response to the notice, the court appoints "the presumptively most adequate plaintiff" to serve as lead plaintiff.  The "presumptively most adequate plaintiff" is the person that: (1) has either filed the complaint or made a motion to serve as lead plaintiff within 60 days after publication of the required notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In re Cendant Corp. Litig., 264 F.3d 201, 262 (3d Cir. 2001).

Third, the court must then give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements. Cendant Corp., 264 F.3d at 268.  Only proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class" can rebut the presumption in favor of appointing the presumptively most adequate plaintiff as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); Cendant Corp., 264 F.3d at 268.

This action was filed on August 11, 2010 on behalf of Douglas Gaer, a member of the Allen Group, by Kahn Swick & Foti, LLC ("KSF"), the law firm that the Allen Group originally wished to have approved as lead counsel.  On August 12, 2010, KSF published the first notice

4

that a class action had been initiated against defendants on *Marketwire*, a widely-circulated national business-oriented wire service. The notice advised members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days after the issuance of the notice. (Yates Decl. ¶ 6 & Ex. B.) On October 12, 2010, motions to serve as lead plaintiff were filed by the Allen Group and Oklahoma Police. As noted above, on November 9, 2010, the Allen Group withdrew its motion to serve as lead plaintiff and indicated its support for the motion filed by Oklahoma Police.

### Oklahoma Police Position

Oklahoma Police contends that it is the "most adequate plaintiff" for the following reasons: 1) it incurred a loss of approximately $426,218.00, and no party questions that it has the largest financial interest in the relief sought by the class (Stern Decl. ¶ 4 & Ex. C); and 2) its claims are typical of other class members and it will fairly and adequately represent the class, as it has no conflicts. Oklahoma Police further argues that, as a sophisticated institutional investor, it is in a very good position to represent the class.

### Largest Financial Interest in Relief Sought

Oklahoma Police asserts that it incurred a loss of approximately $426,218.00, and no party questions that it has the largest financial interest in the relief sought by the class. Because it has the largest financial interest in the relief sought by the class, Oklahoma Police satisfies the first step of being the presumptive lead plaintiff.

Once the court has identified the movant with the largest financial interest in the relief sought by the class, it should then turn to the question of whether that movant otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and is thus the

presumptively most adequate plaintiff.  <u>Cendant Corp.</u>, 264 F.3d at 262.

Oklahoma Police has presented a prima facie showing of typicality: its claims arise from the same series of events and are based on the same legal theories as the claims of all class members in that it seeks to hold the defendants liable for the consequences of their violations of federal securities laws, it purchased shares in EDMC during the Class Period at prices artificially inflated by the false statements and omissions of the defendants and suffered damages as a result. It has also presented a prima facie showing of adequacy: no potential conflicts exists with other class members, its interests are aligned with those of the class and it has shown its willingness to vigorously prosecute this action by retaining qualified and experienced securities class action attorneys to represent the class.  <u>See</u> <u>Cendant Corp.</u>, 264 F.3d at 264-65 (citing these factors as "traditional Rule 23 principles" to be applied).

Moreover, Oklahoma Police notes that it is a sophisticated institutional investor, the paradigmatic lead plaintiff envisioned by Congress.  The Court of Appeals has stated that:

> The Reform Act establishes a presumption that the class member "most capable of adequately representing the interests of class members" is the shareholder with the largest financial stake in the recovery sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (iii)(I). The plaintiff with the largest stake in a given securities class action will almost invariably be a large institutional investor, and the PSLRA's legislative history expressly states that Congress anticipated and intended that such investors would serve as lead plaintiffs. <u>See</u> S. Rep. No. 104-98, at 11 (1995), <u>reprinted in</u> 1995 U.S.C.C.A.N. 679, 690 ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the member of the purported class with the largest financial stake in the relief is the 'most adequate plaintiff.'").

<u>Cendant Corp.</u>, 264 F.3d at 243-44.

<u>Whether the Presumption Has Been Rebutted</u>

"Once a presumptive lead plaintiff is located, the court should then turn to the question

whether the presumption has been rebutted." Cendant Corp., 264 F.3d at 268.  Although the Allen Group had opposed the appointment of Oklahoma Police as lead plaintiff, it has withdrawn its opposition and now supports the appointment of Oklahoma Police.

Oklahoma Police has demonstrated a presumptive case that it is the most adequate plaintiff and no movant has attempted to rebut this presumption. Therefore, Oklahoma Police will be appointed as lead plaintiff in this case.

Appointment of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval.  15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court of Appeals has stated that "we think that the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." Cendant Corp., 264 F.3d at 276.

Oklahoma Police has selected Berman DeValerio to be lead counsel for the class and Chimicles & Tikellis LLP to be liaison counsel.  It has submitted documentation indicating that these law firms are highly experienced in prosecuting securities litigation and class actions, and that they have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously.  (Stern Decl. Exs. D, E.)  The Court has not been presented with evidence that would rebut the "strong presumption" in favor of approving the lead plaintiff's choice of counsel.

AND NOW, this 10th day of November, 2010,

IT IS HEREBY ORDERED that the motion for appointment as lead plaintiff and for approval of selection of lead counsel filed on behalf of movant the Oklahoma Police Pension & Retirement System (ECF No. 14) is granted, Oklahoma Police Pension & Retirement System is

appointed as lead plaintiff, Berman DeValerio is appointed as lead counsel and Chimicles & Tikellis LLP is appointed as liaison counsel.

                                        s/Robert C. Mitchell
                                        ROBERT C. MITCHELL
                                        United States Magistrate Judge